NEVILLE PETERSON LLP

# EXHIBIT 1

**CBP Base Metals Center** 12/03/25

Guidance we have been sharing **regarding Section 232 "content value"** for the last several months—

If you have an article that legitimately has non-steel/aluminum/copper content to separate, the CBP position is:

- Steel articles of chapter 72 are 100% steel. Section 232 duty is assessed on the full entered value of the article. There is no backing out of any costs not allowed by the Customs Value laws. Manufacturing, labor, coating, etc. costs are not subtracted.

- For steel articles of chapter 73, aluminum articles of chapter 76, and articles classified elsewhere (not including chapter 72):

    o If the *articles* are 100% steel or 100% aluminum, there is no non-steel/aluminum content to separate and Section 232 duty is assessed on the full entered value of the article. There is no backing out of any costs not allowed by the Customs Value laws. Manufacturing, labor, coating, etc. costs are not subtracted.

    o If the *articles* are not wholly of steel or aluminum (there are non-steel/aluminum parts/components), the Section 232 duty is assessed on the steel/aluminum content of the article.

    - HQ has said this would be based on "the invoice paid by the buyer of the steel/aluminum content to, or for the benefit of the seller of the steel/aluminum content". The current position is this represents what the *importer* paid for the steel/aluminum content of the *finished* article and is the entered value of the imported article minus the cost of the non-steel/aluminum part/component of the finished article. Non-steel/aluminum content does not refer to fabrication, machining, labor, costs, etc.

    - If allowed to separate out steel/aluminum and non-steel/aluminum content value, separate out the cost to the importer of the non-stecl/aluminum part/componcnt. There is no backing out of any costs not allowed by the Customs Value laws. Costs for manufacturing, labor, coating, etc., are not subtracted.

    - If the value of the steel/aluminum content cannot be determined, then report the duty based on the total entered value, on only one entry summary line.

    - Surface treatments like galvanizing and anodyzing are integral to the finished steel product, not a separate component or part. Paint, lacquer and other coatings are also not parts. Their cost cannot be deducted. Rule of thumb: if you can't deduct the specific cost when an item classified in chapter 72, you cannot deduct it for a derivative article classified elsewhere either.

- - For costs that can be attributable to both the non-steel/aluminum/copper content and the steel/aluminum/copper content, like packaging, we would apportion them across both.

- As far as documentation goes for separating out steel/aluminum content value from non-steel/aluminum value, I would say, "documentation sufficient to support the importer's claimed steel/aluminum content value", if CBP asks.

- Our current understanding is we are treating copper and its alloys the same. Copper articles and copper alloy articles like brass are treated the same as steel and aluminum alloys. They are subject to Section 232 duty. We *do not break down the chemistry* of the imported articles to arrive at a copper only value. Chemistry is not a separate component or part. The value of alloying elements is not deducted.

It's pretty simple—except the importer may have to ask the manufacturer/seller a couple more questions than in the past. Take a window for example—

- What did the importer of record pay for the finished windows?
- If the windows have non-steel components/parts like glass, what was the cost of that to the importer?
- Minus the cost to the importer of the non-steel parts from the total window cost to the importer and that equals the Section 232 steel content value.

So, if—

- The importer paid $ 100 for the window.
- $20 of the cost is attributable to glass or other component/parts.
- The entered value of the window is $100. It may be separated into two lines. A non-steel content line of $20 and a steel content line of $80.

CBP has not posted any new guidance recently, but continue to monitor the CSMS messages, Trade Remedy FAQs, and CBP rulings posted on cbp.gov.

Cargo Systems Messaging Service I U.S. Customs and Border Protection

Trade Remedies I U.S. Customs and Border Protection

CROSS Custom Rulings Online Search System

NEVILLE PETERSON LLP

# EXHIBIT 2



**DEPARTMENT OF HOMELAND SECURITY**
U.S. Customs and Border Protection

# NOTICE OF ACTION
19 CFR 152.2

| This is NOT A Notice of Liquidation | | | 1. Date of this notice *(mm-dd-yyyy)* 12/03/2025 |
|---|---|---|---|
| 2. Carrier OOLU | 3. Date of Importation *(mm-dd-yyyy)* 09/30/2025 | 4. Date of Entry *(mm-dd-yyyy)* 10/13/2025 | 5. Entry Number 8GX80217045 |
| 6. MFR/Seller/Shipper TWTAIQUA110KAO | 7. Country TW | 8. CBP Broker MGF US Inc. | File Number S00277345 |

9. Description of Merchandise

| 10. To | 11. From |
|---|---|
| ► EXPRESS FASTENERS LTD  65 N BRANDON DR , GLENDALE HEIGHTS, IL 60139 | Sara Blackmore  726 Exchange St, Buffalo, NY 14210 |

12. The following action, which will result in an increase in duties, —

　　is oroDOsed　　　► IF YOU DISAGREE WITH THIS PROPOSED ACTION. PLEASE FURNISH YOUR REASON IN WRITING TO THIS OFFICE WITHIN 20 DAYS FROM THE DATE OF THIS NOTICE. AFTER 20 DAYS, THE ENTRY WILL BE EITHER LIQUIDATED AS PROPOSED OR CHANGED AS PROPOSED.

　　0 has been taken　　► THE ENTRY IS IN THE LIQUIDATION PROCESS AND IS NOT AVAILABLE FOR REVIEW IN THIS OFFICE.

　　type of action
　　　　A. 0 Rate Advance
　　　　B.    Value Advance
　　　　C.    Q Excess      0 Weight      [J Quantity
　　　　D.    Other (See below)

13. Explanation (Refer to action letter designations above)

See Continuation Page.

| 14. CBP Official Sara Blackmore | 15. Team Designation EBB | 16. Telephone 17168438316 |
|---|---|---|
| 17. Fax Number | 18. E-mail sara.j.blackmore@cbp.dhs.gov | |

CBP Form 29 (8/18)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1 of 2

**NOTICE OF ACTION** Box 13: Explanation (Continuation)
olf the articles are not wholly of steel or aluminum (think in terms of separate and distinct parts/components), the Section 232 duty is assessed on the steel/aluminum content of the article.

HQ has said this would be based on "the invoice paid by the buyer of the steel/aluminum content to, or for the benefit of the seller of the steel/aluminum content". The most recent position is this is what the importer paid for the steel/aluminum content of the finished article, and is the entered value of the imported article minus the cost of the non-steel part of the finished article. "Non-steel content" does not refer to costs of fabrication, machining, labor, etc. (example. Steel bolt with nylon washer and nylon nut. You may split out the nylon washer and nylon nut only)

If the value of the steel/aluminum content cannot be determined, then report the duty based on the total entered value, on only one entry summary line.

If allowed to separate out steel/aluminum and non-steel/aluminum content value, many importers have asked what costs they can exclude. There is no HQ guidance provided for "backing out" costs to arrive at the steel/aluminum content value for articles that are not wholly of steel or aluminum (so no backing out fabrication, labor, machining, conversion, etc., costs).

As stated before, for articles that are wholly made of steel or aluminum, there is no backing out of any costs not allowed by the Customs Value laws (so no backing out fabrication, labor, machining, conversion, etc., costs).

A self-review of your past entries going back 5 years should be done to determine the extent of this issue and the corrected information provided to CBP as appropriate. All current and future entries should follow this as well.

You have the right to appeal the liquidation of the entry listed in this notice pursuant to 19 USC 1514 and 19 CFR 174. A Bulletin Notice of Liquidation will be posted at the Customhouse where the entries were filed. Your appeal rights are allowed for 180 days after the Bulletin Notice of Liquidation is posted.



**DEPARTMENT OF HOMELAND SECURITY**
U.S. Customs and Border Protection

# NOTICE OF ACTION
19 CFR 152.2

| This is NOT A Notice of Liquidation | | | 1. Date of this notice *(mm-dd-yyyy)* <br> 11/21/2025 |
|---|---|---|---|
| 2. Carrier <br> WHLC | 3. Date of Importation *(mm-dd-yyyy)* <br> 08/19/2025 | 4. Date of Entry *(mm-dd-yyyy)* <br> 08/27/2025 | 5. Entry Number <br> 8GX80204878 |
| 6. MFR/Seller/Shipper <br> TWKUMHAR184TAI | 7. Country <br> TW | 8. CBP Broker <br> MGF US Inc. | File Number <br> S00272346 |

9. Description of Merchandise

| 10. To <br> ► EXPRESS FASTENERS ETD <br>   65 N Brandon Dr , Glendale Heights, IL 60139-2024 | 11. From <br> Sara Blackmore <br> 726 Exchange St, Buffalo, NY 14210 |
|---|---|

12. The following action, which will result in an increase in duties, —

☐ **is proposed** ► IF YOU DISAGREE WITH THIS PROPOSED ACTION. PLEASE FURNISH YOUR REASON IN WRITING TO THIS OFFICE WITHIN 20 DAYS FROM THE DATE OF THIS NOTICE. AFTER 20 DAYS, THE ENTRY WILL BE EITHER LIQUIDATED AS PROPOSED OR CHANGED AS PROPOSED.

[x] **has been taken** ► THE ENTRY IS IN THE LIQUIDATION PROCESS AND IS NOT AVAILABLE FOR REVIEW IN THIS OFFICE.

**type of action**
A. [x] Rate Advance
B. ☐ Value Advance
C. ☐ Excess     ☐ Weight     ☐ Quantity
D. ☐ Other (See below)

13. Explanation (Refer to action letter designations above)

See Continuation Page.

| 14. CBP Official <br> Sara Blackmore | 15. Team Designation <br> EBB | 16. Telephone <br> 17168438316 |
|---|---|---|
| 17. Fax Number | 18. E-mail <br> sara.j.blackmore@cbp.dhs.gov | |

CBP Form 29 (8/18)                                                                                         Page 1 of 2

**NOTICE OF ACTION** Box 13: Explanation (Continuation)

"As of June 4, 2025, for all steel and steel derivative articles classified in Chapter 73 that are subject to Section 232 steel duties under any Chapter 99 HTSUS heading, the applicable Section 232 duty is assessed only on the value of the steel content."

Regarding content value, make sure the if you have an article that legitimately had non-steel/aluminum/copper content to separate, I believe the CBP position has shifted, but no formal guidance has been posted:

Steel articles of chapter 72 are 100% steel. Section 232 duty is assessed on the full entered value of the article..
For steel articles of chapter 73, aluminum articles of chapter 76, and articles classified elsewhere (not including chapter 72):
o If the articles are 100% steel or 100% aluminum, there is no non-steel/aluminum content to separate and Section 232 duty is assessed on the full entered value of the article. This position has remained constant.
o If the articles are not wholly of steel or aluminum (think in terms of separate and distinct parts/components), the Section 232 duty is assessed on the steel/aluminum content of the article.
HQ has said this would be based on "the invoice paid by the buyer of the steel/aluminum content to, or for the benefit of the seller of the steel/aluminum content". The most recent position is this is what the importer paid for the steel/aluminum content of the finished article, and is the entered value of the imported article minus the cost of the non-steel part of the finished article. "Non-steel content" does not refer to costs of fabrication, machining, labor, etc. (example. Steel bolt with nylon washer and nylon nut. You may split out the nylon washer and nylon nut only)

If the value of the steel/aluminum content cannot be determined, then report the duty based on the total entered value, on only one entry summary line.

If allowed to separate out steel/aluminum and non-steel/aluminum content value, many importers have asked what costs they can exclude. There is no HQ guidance provided for "backing out" costs to arrive at the steel/aluminum content value for articles that are not wholly of steel or aluminum (so no backing out fabrication, labor, machining, conversion, etc., costs).

As stated before, for articles that are wholly made of steel or aluminum, there is no backing out of any costs not allowed by the Customs Value laws (so no backing out fabrication, labor, machining, conversion, etc., costs).

A self-review of your past entries going back 5 years should be done to determine the extent of this issue and the corrected information provided to CBP as appropriate. All current and future entries should follow this as well.

NEVILLE PETERSON LLP

# EXHIBIT 3

We only use cookies that are necessary for this site to function to provide you with the best experience. The controller of this site may choose to place supplementary cookies to support additional functionality such as support analytics, and has an obligation to disclose these cookies.



# CSMS # 65236374 - UPDATED GUIDANCE: Import Duties on Imports of steel and Steel Derivative Products

U.S. Customs and Border Protection sent this bulletin at 06/03/2025 06:44 PM EDT



**Cargo Systems Messaging Service**

**CSMS # 65236374 - UPDATED GUIDANCE: Import Duties on Imports of Steel and Steel Derivative Products**

This message provides entry filing instructions for the increased Section 232 steel duties provided for in the Presidential Proclamation issued on June 3, 2025.

**BACKGROUND**

On June 3, 2025, the President issued a Proclamation, Adjusting Imports of Aluminum and Steel into the United States, under Section 232 of the Trade Expansion Act of 1962, as amended (19 U.S.C. 1862) ("Section 232"), increasing from 25 percent ad valorem to 50 percent ad valorem the tariffs previously imposed pursuant to Section 232 on certain imports of steel articles and derivative steel articles from all countries, effective for covered goods entered for consumption, or withdrawn from warehouse for consumption, on and after 12:01am eastern daylight time on June 4, 2025, except for products of the United Kingdom for which the Section 232 tariffs on such imports will remain at 25 percent ad valorem.

See important updates throughout this message on duty rates, effective dates, and Section 232 duties based on the value of steel content for imports classified in Chapter 73.

**GUIDANCE**

Steel articles and derivative steel articles entered for consumption, or withdrawn from warehouse for consumption, on or after 12:01 a.m. Eastern Daylight Time on June 4, 2025, a 50 percent duty rate shall apply to products of all countries except for products of the United Kingdom, to which a 25 percent duty rate applies as specified in the Harmonized Tariff Schedule of the United States (HTSUS) headings below:

9903.81.87/9903.81.94 (UK): Iron or steel products (except derivative articles)

9903.81.88/9903.81.95 (UK): Iron or steel products except for derivative articles that are admitted to a U.S. foreign trade zone under "privileged foreign status" before June 4, 2025, and entered for consumption on or after June 4, 2025.

9903.81.89/9903.81.96 (UK): Certain derivative iron or steel products (existing steel derivative articles subject to Section 232 prior to March 12, 2025).

9903.81.90/9903.81.97 (UK): Certain derivative iron or steel products (new steel derivative articles classified in Chapter 73 subject to Section 232 on or after March 12,2025).

9903.81.93/9903.81.99 (UK): Certain derivative products of iron or steel, (existing derivative steel products, and new derivative steel products in Chapter 73) admitted to a U.S. foreign trade zone under "privileged foreign status" before June 4, 2025, and entered for consumption on or after June 4, 2025.

With respect to derivative steel articles from all countries (including the UK) entered for consumption, or withdrawn from warehouse for consumption, on or after 12:01 a.m. Eastern Daylight Time on June 4, 2025, the following HTSUS headings and a 0 percent duty rate applies if the steel was melted and poured in the United States:

- 9903.81.92: Certain derivative steel or iron products (new derivative steel articles on or after March 12, 2025) where the derivative iron or steel product was processed in another country from steel articles that were melted and poured in the United States.

    o HTS 9903.81.92 also applies to such goods that were admitted to a U.S. foreign trade zone and granted "privileged foreign status" before June 4, 2025, and entered for consumption, or withdrawn from warehouse for consumption, on or after June 4, 2025 (see Foreign Trade Zone section below).

With respect to derivative steel articles entered for consumption, or withdrawn from warehouse for consumption, on or after June 4, 2025, the following HTSUS headings and a 50 perc.ent dntv rate annlies tn nrnducts of all countries excent for the

headings and a 50 percent duty rate applies to products of all countries except for the United Kingdom, and a 25 percent duty rate applies to products of the United Kingdom; these duty rates specifically apply to the value of the steel content within the article:

- 9903.81.91/9903.91.98 (UK): Derivative iron or steel products (new steel derivative articles not classified in Chapter 73 subject to Section 232): the Section 232 duty is on the value of the steel content (see instructions below),

    o 9903.81.91/9903.91.98 (UK) also applies to such goods that were admitted to a U.S. foreign trade zone and granted "privileged foreign status" before June 4, 2025, and entered for consumption, or withdrawn from warehouse for consumption, on or after June 4, 2025 (see Foreign Trade Zone section below).

- As of June 4, 2025, for all steel and steel derivative articles classified in Chapter 73 that are subject to Section 232 steel duties under any Chapter 99 HTSUS heading, the applicable Section 232 duty is assessed only on the value of the steel content.

**Reporting Instructions for Duties Based on Steel Content**

For new steel derivatives outside of Chapter 73 subject to Section 232 steel duties, and all steel and steel derivative articles classified in Chapter 73 subject to Section 232 duties, the 50 percent duty (25 percent duty for products of the UK) is to be reported with the Chapter 99 classification based upon the value of the steel content.

If the value of the steel content is the same as the entered value or is unknown, the duty must be reported under the Chapter 99 classification based on the entire entered value, and report on only one entry summary line.

In the case where the value of the steel content is less than the entered value of the imported article, the good must be reported on two lines. The first line will represent the non-steel content while the second line will represent the steel content. Each line should be reported in accordance with the below instructions.

Non-Steel content, first line:

- Ch 1 -97 HTS, this same HTS must be reported on both lines.
- Country of origin, same must be reported on both lines.
- Total entered value of the article less the value of steel content.
- Report the total quantity of the imported goods.
- Report all other applicable duties, such as IEEPA tariffs and antidumping and countervailing duties.

Steel content, second line:

- Same Ch. 1-97 HTS reported on the first line.
- Same country of origin reported on the first line.
- Report 0 for quantity for the Ch. 1- 97 HTS.
- Report the value of steel content.
- Report the Section 232 duties based on the value of steel content with the Chapter 99 HTS.
- Report a second quantity (of the steel content) in kilograms with the Chapter 99 HTS.
- Report all other applicable duties, such as IEEPA tariffs and antidumping and countervailing duties.

**Melt and Pour Reporting Requirements**

The reporting of the country of melt and pour and applicability code is mandatory for both steel and steel derivatives. To report the country of melt and pour, importers must report the International Organization for Standardization (ISO) code on steel articles and derivative steel articles subject to Section 232. For steel articles, importer must report the ISO code where the steel was originally melted and poured. For steel derivatives, importers must report the ISO code where the steel was originally melted or "OTH" (for other countries). For products melted and poured in the United States, importers must indicate "US" as the country of melt and pour.

**F.YcInsinns and Drawback**

**Exclusions and Drawback**

Importer-specific product exclusions for Section 232 duties that are active in the Automated Commercial Environment (ACE) shall remain effective until their expiration date or until excluded product volume is imported, whichever occurs first.

No drawback shall be available with respect to the duties imposed.

**Foreign Trade Zone (FTZ)**

Any steel article or derivative steel article, except those eligible for admission under "domestic status" as defined in 19 CFR 146.43, that is subject to the duty imposed by this proclamation and that is admitted into a U.S. FTZ on or after 12:01 a.m. eastern daylight time on March 12, 2025, must be admitted and granted as "privileged foreign status" as defined in 19 CFR 146.41, and will be subject upon entry for consumption to any ad valorem rates of duty related to the classification under the applicable HTS subheading.

Any steel article or derivative steel article, except those eligible for admission under "domestic status" as defined in 19 CFR 146.43, that is subject to the duty imposed by this proclamation, and that was admitted into a U.S. FTZ and granted "privileged foreign status" as defined in 19 CFR 146.41, prior to 12:01 a.m. eastern daylight time on June 4, 2025, will likewise be subject upon entry for consumption to any ad valorem rates of duty related to the classification under the applicable HTS subheading added by this proclamation.

For steel and steel derivative articles admitted into a U.S. foreign trade zone and granted "privileged foreign status" as defined in 19 CFR 146.41, prior to 12:01 a.m. eastern daylight time on June 4, 2025, and entered on or after 12:01 a.m. eastern daylight time on June 4, 2025, use the HTS classification below corresponding to the type of imported good:

- 9903.81.88/9903.81.95 (UK): Iron or steel products

- 9903.81.93/9903.81.99 (UK): Iron or steel derivative products, except as noted below:

    o 9903.81.91/9903.91.98: Iron or steel derivative products classified outside of Chapter 73.

    o 9903.81.92: Iron or steel derivative products with a melt and pour of United States.

**Application of Reciprocal Tariffs under EO 14257**

As of June 4, 2025, the non-steel content of an article reported on a separate line per the instructions above is subject to Reciprocal tariffs under HTS 9903.01.25 (see also CSMS # 65201384). The steel content subject to Section 232 duties per the instruction above is not subject to Reciprocal tariffs under HTS 9903.01.33.

**Reporting Multiple HTS Numbers**

For entry summary lines that include multiple HTS numbers, CBP requires that the duty be appropriately associated to the correct HTS. For example, if the entry is subject to 9903.81.87, then the 25 percent duty must be associated to 9903.81.87 when transmitting to ACE and when a printed 7501 is produced. The 25 percent duty must not be combined with the duty reported on a different HTS within the entry summary line. Further, duties across several required HTS numbers on a given entry summary line must not be combined and cannot be reported on only one HTS within the entry summary line.

CBP expects full compliance from the trade community for accurate reporting and payment of the additional duties. CBP will take enforcement action on non-compliance.

For reference, a summary list of Section 232 Chapter 99 HTSUS classifications is attached.

For questions regarding Section 232 entry filing, contact the Trade Remedy Branch at TradeRemedy@cbp.dhs.gov.

If you encounter any errors in filing an entry summary, contact your CBP client representative or the ACE Help Desk.

- steelHTSlist 6.4.25.docx

SHARE

Update your subscriptions, modify your password or e-mail address, or stop subscriptions at any time on your Subscriber Preferences Page. You will need to use your e-mail address to log in. If you have questions or problems with the subscription service, please contact subscriberhelp.govdelivery.com.

This service is provided to you at no charge by U.S. Customs and Border Protection.

Privacy Policy | GovDelivery is providing this information on behalf of U.S. Department of Homeland Security, and may not use the information for any other purposes.

 U.S. Customs and Border Protection

 Homeland Security

Powered by

 *gOVDELIVERY*

Privacy Policy | Cookie Statement | Help

N‍EVILLE P‍ETERSON LLP

# EXHIBIT 4

Case 1:26-cv-00853-JAR   Document 7   Filed 01/27/26   Page 16 of 16

(2) https://www.cbp.gov/trade/programs-administration/entry-summary/232-tariffs-aluminum-and-steel-faqs                                                                                           A*

☐lo r~] Imported From IE 3 Inbox (66) - mcelis...    📧3 Login | Egnyte    ⧗ Login timesolv @) State of New Jersey...    QF Accounts > Sign In SSA Overview, my Social...    Welcome To EFTPS... HBO

io becnon 232 measures, bui snu require me sieei men ana pour and aluminum smelt and cast information to be reported?

Russia Column 2 Rates of Duty

Rulings and Legal Decisions

**How to report the country of melt and pour when the product is subject to Section 232 derivative measures, but the importer does not know the country of melt and pour?** +

Stakeholder Engagement

CBP Trade News Snapshot

**For steel and aluminum derivatives subject to HTS 9903.85.08 and HTS 9903.81.91, is there a minimum amount of steel or aluminum content required in order to be subject to Section 232 duties?** +

Trade Facilitation and Trade Enforcement Act

Border Interagency Executive Council (BIEC)

**How to determine the value of aluminum or steel content for derivative products outside of CH. 76 or 73?** −

Centers of Excellence and Expertise

AMS Air Features

The value of the steel/aluminum content should be determined in accordance with the principles of the Customs Valuation Agreement, as implemented in 19 U.S.C. 1401a. Thus, the value of the steel/aluminum content is the total price paid or payable for that content, which is the total payment (direct or indirect, and exclusive of any costs, charges, or expenses incurred for transportation, insurance, and related services incident to the international shipment of the merchandise from the country of exportation to the country of importation) made/to be made for the steel/aluminum content by the buyer to, or for the benefit of, the seller of the steel/aluminum content. Normally, this would be based on the invoice paid by the buyer of the steel/aluminum content to, or for the benefit of the seller of the steel/aluminum content.

CBP Facilitates Broker Licensing Though the Global Enrollment System

Cybersecurity Resiliency

Frontline Articles

The Truth Behind Counterfeits

Automated Clearinghouse