UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HON. JANE A. RESTANI, JUDGE

|  |  |  |
|---|---|---|
| | : | |
| EXPRESS FASTENERS, LTD., | : | |
| | : | |
| Plaintiff, | : | Court No. 26-00853 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ANSWER TO COMPLAINT

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, the United States, defendant, responds to the allegations of plaintiff, Express Fasteners, Ltd. (Express Fasteners), complaint, as follows:

### Nature of Action

1.    Admits that this allegation constitutes a statement of plaintiff's claim and admits to the extent supported by the commercial invoices associated with the entries in this case; otherwise denies.

### Jurisdiction

2.    This allegation consists of a conclusion of law to which no response is required.

3.    Admits.

4.    Whether the action is "timely filed" is a conclusion of law to which no response is required; otherwise admits.

**Parties**

5.      Denies this statement for lack of information or knowledge sufficient to form a belief as to its truthfulness.

6.      Admits.

**Statement of Facts**

7.      Admits to the extent supported by the commercial invoices associated with the listed entries and otherwise denies.  Admits that Plaintiff is the importer of record of the subject merchandise.

8.      Admits to the extent supported by the cited Federal Register notice, which is the best evidence of its contents, and otherwise denies.

9.      Admits to the extent supported by the cited Presidential Proclamation, which is the best evidence of its contents, and otherwise denies.

10.     Admits to the extent supported by the cited Presidential Proclamation, which is the best evidence of its contents, and otherwise denies.

11.     Admits to the extent supported by the cited Federal Register notice, which is the best evidence of its contents, and otherwise denies.

12.     Admits to the extent supported by the cited Presidential Proclamation, which is the best evidence of its contents, and otherwise denies.

13.     Admits that CBP has not issued any regulations specifically concerning the method or basis for calculating the steel content of articles in Chapter 73 of the HTSUS or the value thereof, for the purposes of Section 232 and the Presidential Proclamations cited above.  Denies as to other government

2

agencies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation.

14. Admits that CBP issued CSMS #65236374 on June 3, 2025, and that the CSMS message is available at the cited web address. Compl. Exh. 3. As to the title and content of the CSMS message, admits to the extent supported by the CSMS message, which is the best evidence of its contents, and otherwise denies.

15. Denies that this allegation accurately describes the CSMS, which is the best evidence of its contents.

16. Denies that the first and second sentences of this allegation accurately describe the CSMS, which is the best evidence of its contents. With respect to the third sentence, this allegation consists of legal argument and/or conclusions of law, no response is required; to the extent a response is necessary, denies.

17. Admits that CBP issued FAQs on Section 232 duties on steel and aluminum and that the FAQs are available at the cited web address. Compl. Exh. 4. As to the title and content of the FAQs, admits to the extent supported by the FAQs, which are the best evidence of their contents, and otherwise denies.

18. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation.

19. Denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation.

20. Admits to the extent supported by the commercial invoices and entry records associated with the entries in this case, and otherwise denies.

21. As to the first sentence, denies for lack of information or knowledge sufficient to form a belief as to whether this allegation is on plaintiff's "information and belief" and otherwise denies. Denies the second sentence for lack of information or knowledge sufficient to form a belief as to its truthfulness. Denies that the document attached as Complaint Exhibit 1, which is the best evidence of its contents, is characterized as a "CEE Memo."

22. Denies that the document attached as Complaint Exhibit 1 is characterized as a "CEE Memo." Denies that this paragraph contains an accurate summary of the contents of the document attached as Complaint Exhibit 1, which is the best evidence of its contents.

23. Admits to the extent supported by the document attached as Complaint Exhibit 1, which is the best evidence of its contents. Denies that the document attached as Complaint Exhibit 1 is characterized as a "CEE Memo" and otherwise denies.

24. Admits to the extent supported by the document attached as Complaint Exhibit 1, which is the best evidence of its contents. Denies that the document attached as Complaint Exhibit 1 is characterized as a "CEE Memo" and otherwise denies.

25. Denies that the document attached as Complaint Exhibit 1 is characterized as a "CEE Memo" but admits that the document has not been published as a regulation or in any other official format.

26. This allegation consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is necessary, denies.

27. This allegation consists of legal argument and/or conclusions of law to which no response is required. To the extent a response is necessary, denies.

28. Admits to the extent supported by the cited regulation, which is the best evidence of its contents, and otherwise denies.

29. Admits to the extent supported by the cited regulation, which is the best evidence of its contents, and otherwise denies.

30. The first and second sentences of this allegation consist of legal arguments and/or conclusions of law to which no response is required. To the extent a response is necessary, denies. With respect to the remainder of this allegation, admits to the extent supported by the cited rulings, which are the best evidence of their contents, and otherwise denies.

31. Admits that the document attached as Complaint Exhibit 1 has not been published but denies that it is characterized as a "CEE Memo." Further denies that 19 U.S.C. § 1625(c) has any applicability to the issues presented in this case.

32. Admits that CBP issued CF-29 Notices of Proposed Action on November 6, 2025, that Plaintiff filed its response on November 17, 2025. As to their contents, admits to the extent supported by the CF-29s and response thereto, which are the best evidence of their contents, and otherwise denies. Denies for lack of information or knowledge sufficient to form a belief as to when Plaintiff received the CF-29.

33.    Denies that CBP issued CF-29 Notices of Action on November 19, 2025; rather, CBP issued CF-29 Notices of Action on November 21, 2025, and December 3, 2025.  See Compl. Exh. 2.  As to their contents, admits to the extent supported by the CF-29s, which are the best evidence of their contents, and otherwise denies.  As to the last sentence of the allegation, denies that the document attached as Complaint Exhibit 1 is a "CEE Memo" and otherwise denies.

34.    As to the first sentence, admits that the entries 8GX-80204878 and 8GX-80217045 liquidated on November 28, 2025, and December 12, 2025, respectively.  Admits the remainder of the first sentence to the extent supported by the entry records at issue in this case and otherwise denies.  As to the second sentence, admits that Plaintiff protested the liquidations and requested accelerated disposition of the protest; whether the protests were "timely" is a conclusion of law to which no response is required.  As to the third sentence, admits that the protest was deemed denied on January 11, 2026.

## Count I

35.    Defendant's responses to paragraphs 1-34 are incorporated herein.

36.    Denies that the document attached as Complaint Exhibit 1 is a "CEE Memo." The remainder of the allegation consists of legal argument and/or conclusions of law to which no response is required; to the extent a response is necessary, denies.

37.    Denies that the document attached as Complaint Exhibit 1 a "CEE Memo." The remainder of the allegation consists of legal argument and/or conclusions of law to which no response is required; to the extent a response is necessary, denies.

38.    Denies that the document attached as Complaint Exhibit 1 is a "CEE Memo." The remainder of the allegation consists of legal argument and/or conclusions of law to which no response is required; to the extent a response is necessary, denies. Plaintiff's purported claim under the Administrative Procedure Act (APA), 5 U.S.C. §§ 551–559, fails because 19 U.S.C. § 1514(a) precludes any relief under the APA. The APA applies "except to the extent that statutes preclude judicial review." 5 U.S.C. § 701(a)(1). This Court and the Federal Circuit have held that APA review is precluded under 5 U.S.C. § 701(a)(1) for a decision that is protestable under 19 U.S.C. § 1514. *See Volkswagen of America, Inc. v. United States*, 532 F.3d 1365, 1374 (Fed. Cir. 2008) (holding that section 1514 precluded judicial review of appellant's APA claim). "Only if the challenged final agency action is one 'for which there is no other adequate remedy in a court,' … does the APA provide an independent cause of action." *Royal United Corp. v. United States*, 34 CIT 756, 763 (2010) (citations omitted). The Supreme Court has held that "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action[, and ... 5 U.S.C.] § 704 does not provide additional judicial remedies in situations where the Congress has provided

special and adequate review procedures." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) (quotation marks, footnotes and citations omitted).

39. Admits that the United States has not published the document attached as Complaint Exhibit 1 nor solicited public comments concerning it and denies that the document is a "CEE Memo." The remainder of the allegation consists of legal argument and/or conclusions of law to which no response is required; to the extent a response is necessary, denies.

40. Denies that the document attached as Complaint Exhibit 1 is a "CEE Memo." The remainder of the allegation consists of legal argument and/or conclusions of law to which no response is required; to the extent a response is necessary, denies. Plaintiff's purported claim under the Administrative Procedure Act (APA), 5 U.S.C. §§ 551–559, fails because 19 U.S.C. § 1514(a) precludes any relief under the APA. The APA applies "except to the extent that statutes preclude judicial review." 5 U.S.C. § 701(a)(1). This Court and the Federal Circuit have held that APA review is precluded under 5 U.S.C. § 701(a)(1) for a decision that is protestable under 19 U.S.C. § 1514. *See Volkswagen of America, Inc. v. United States*, 532 F.3d 1365, 1374 (Fed. Cir. 2008) (holding that section 1514 precluded judicial review of appellant's APA claim). "Only if the challenged final agency action is one 'for which there is no other adequate remedy in a court,' … does the APA provide an independent cause of action." *Royal United Corp. v. United States*, 34 CIT 756, 763 (2010) (citations omitted). The Supreme Court has held that "Congress did not intend the general grant of review in the APA to duplicate existing procedures

for review of agency action[, and ... 5 U.S.C.] § 704 does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) (quotation marks, footnotes and citations omitted).

## Count II

41. Defendant's responses to paragraphs 1-40 are incorporated herein.

42. Admits that the CSMS and Customs FAQ pages are broadly intended to provide guidance to the public. The remainder of this allegation consists of legal argument and/or conclusions of law to which no response is required; to the extent a response is necessary, denies.

43. This allegation consists of legal argument and/or conclusions of law to which no response is required; to the extent a response is necessary, denies.

44. Admits to the extent supported by the cited regulation, which is the best evidence of its contents, and otherwise denies.

45. Denies for lack of information or knowledge sufficient to form a belief as to its truthfulness as the allegation does not define what is meant by "published."

46. Denies that the document attached as Complaint Exhibit 1 is a "CEE Memo." The remainder of the allegation consists of legal argument and/or conclusions of law to which no response is required; to the extent a response is necessary, denies that 19 U.S.C. § 1625(c) has any applicability to this case.

47. Denies that the document attached as Complaint Exhibit 1 is a "CEE Memo." The remainder of the allegation consists of legal argument and/or conclusions

9

of law to which no response is required; to the extent a response is necessary, denies that 19 U.S.C. § 1625(c) has any applicability to this case.

48.    Denies that the document attached as Complaint Exhibit 1 is a "CEE Memo." The remainder of the allegation consists of legal argument and/or conclusions of law to which no response is required; to the extent a response is necessary, denies.  Plaintiff's purported claim under the Administrative Procedure Act (APA), 5 U.S.C. §§ 551–559, fails because 19 U.S.C. § 1514(a) precludes any relief under the APA.  The APA applies "except to the extent that statutes preclude judicial review."  5 U.S.C. § 701(a)(1).  This Court and the Federal Circuit have held that APA review is precluded under 5 U.S.C. § 701(a)(1) for a decision that is protestable under 19 U.S.C. § 1514.  *See Volkswagen of America, Inc. v. United States*, 532 F.3d 1365, 1374 (Fed. Cir. 2008) (holding that section 1514 precluded judicial review of appellant's APA claim).  "Only if the challenged final agency action is one 'for which there is no other adequate remedy in a court,' … does the APA provide an independent cause of action."  *Royal United Corp. v. United States*, 34 CIT 756, 763 (2010) (citations omitted).  The Supreme Court has held that "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action[, and ... 5 U.S.C.] § 704 does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures."  *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) (quotation marks, footnotes and citations omitted).

10

## Count III

49.   Defendant's responses to paragraphs 1-48 are incorporated herein.

50.   This allegation consists of legal argument and/or conclusions of law to which no response is required.  To the extent a response is necessary, denies for lack of information or knowledge sufficient to form a belief as to the truthfulness of the allegation as it sets forth an unclear hypothetical.

51.   Admits to the extent supported by the cited statutory provisions, which are the best evidence of their contents, and otherwise denies.

52.   Denies that the document attached as Complaint Exhibit 1 is a "CEE Memorandum."  The remainder of the allegation consists of legal argument and/or conclusions of law to which no response is required; to the extent a response is necessary, denies.

53.   Denies that the document attached as Complaint Exhibit 1 isa "CEE Memorandum."  The remainder of the allegation consists of legal argument and/or conclusions of law to which no response is required; to the extent a response is necessary, denies.

54.   Denies that the document attached as Complaint Exhibit 1 is a "CEE Memorandum."  The remainder of the allegation consists of legal argument and/or conclusions of law to which no response is required; to the extent a response is necessary, denies.  Plaintiff's purported claim under the Administrative Procedure Act (APA), 5 U.S.C. §§ 551–559, fails because 19 U.S.C. § 1514(a) precludes any relief under the APA.  The APA applies "except to the extent that statutes preclude judicial review."  5 U.S.C.

11

§ 701(a)(1).  This Court and the Federal Circuit have held that APA review is precluded under 5 U.S.C. § 701(a)(1) for a decision that is protestable under 19 U.S.C. § 1514.  *See Volkswagen of America, Inc. v. United States*, 532 F.3d 1365, 1374 (Fed. Cir. 2008) (holding that section 1514 precluded judicial review of appellant's APA claim).  "Only if the challenged final agency action is one 'for which there is no other adequate remedy in a court,' … does the APA provide an independent cause of action."  *Royal United Corp. v. United States*, 34 CIT 756, 763 (2010) (citations omitted).  The Supreme Court has held that "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action[, and ... 5 U.S.C.] § 704 does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures."  *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) (quotation marks, footnotes and citations omitted).

### Count IV

55.     Defendant's responses to paragraphs 1-54 are incorporated herein.

56.    Denies that the document attached as Complaint Exhibit 1 is characterized as a "CEE Memo."  The remainder of the allegation consists of legal argument and/or conclusions of law to which no response is required; to the extent a response is necessary, denies.

57.    Denies that the document attached as Complaint Exhibit 1 is a "CEE Memo." Admits that neither the November 6, 2025 CF-29 Notices of Proposed Actions

nor Complaint Exhibit 1 displays a control number assigned by the Director of the Office of Management and Budget.

58. This allegation consists of legal argument and/or conclusions of law to which no response is required; to the extent a response is necessary, denies.

59. This allegation consists of legal argument and/or conclusions of law to which no response is required; to the extent a response is necessary, denies.

60. This allegation consists of legal argument and/or conclusions of law to which no response is required; to the extent a response is necessary, denies.

**WHEREFORE**, defendant respectfully requests that judgment be entered dismissing this action, overruling plaintiff's claims, sustaining the decision of U.S. Customs and Border Protection, and granting defendant such other and further relief as may be just and appropriate.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Aimee Lee
AIMEE LEE
Assistant Director

/s/ Guy Eddon
GUY EDDON
Senior Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9232 or 9230
*Attorneys for Defendant*

Of Counsel:
David Behr
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

Dated:  April 17, 2026

14